UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENIS CLEMENT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4754** |
| **TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY ET AL** | **SECTION "L" 41)** |

**ORDER & REASONS**

Before the Court is Defendant Automobile Insurance Company of Hartford, Connecticut's motion to dismiss under Rule 12(b)(5) for insufficient service of process. R. Doc. 24. Plaintiff Denis Clement has not responded to the motion. After a review of the record, briefing, and applicable law, the Court now rules as follows.

**I.    BACKGROUND**

This case arises from alleged damage to Plaintiff Denis Clement's residence ("the Property") caused by Hurricane Ida. R. Doc. 19 at 5. This case was filed pursuant to diversity jurisdiction[1]. *Id.* at 3. Plaintiff alleges that the Property sustained extensive damage because of Hurricane Ida. *Id.* Plaintiff argues that Defendant Automobile Insurance Company of Hartford, Connecticut ("Hartford")[2] was provided timely notice of loss and that they failed to pay for the loss, which Plaintiff alleges is covered by its insurance policies. *Id.* at 5-6. Plaintiff alleges three causes of action: (1) breach of insurance policy; (2) bad faith under La. R.S. 22:1892 and La. R.S. 1973; (3) abuse of rights. *Id.* at 6-11.

---

[1] Plaintiff is a citizen of Louisiana. Defendant Hartford is a Connecticut corporation with its principal place of business in Connecticut.

[2] Hartford is the sole remaining Defendant; Mr. Clement incorrectly named another insurance company in the suit and has since amended its complaint and voluntarily dismissed that party. R. Doc. 24-1 at 2.

1

## II.  PRESENT MOTION

In its motion, Hartford asks the Court to dismiss under Rule 12(b)(5) for insufficient service of process. R. Doc. 24. Hartford notes that, pursuant to Rule 4(c) and (m) of the Federal Rules of Civil Procedure, a plaintiff has 90 days from the filing of the complaint to request service on a defendant. R. Doc. 24-1 at 2. Mr. Clement filed the amended complaint naming Hartford as a defendant on January 4, 2024. *Id.* Accordingly, his deadline to request service on Hartford was April 3, 2024. *Id.* Hartford points out that it has not been served with the summons or the amended complaint (or the initial complaint) nor has Hartford received a request for a waiver or service. *Id.*

Hartford notes that Rule 4(c) provides that when service is not timely executed, a court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *Id*. Further, Hartford avers that this Court is without personal jurisdiction over Hartford because it has not been properly served. *Id*. at 3. Finally, Hartford notes that its counsel of record does, in fact, have a copy of the complaint. *Id*. However, Hartford maintains that its attorney has never been authorized or designated to receive service of process on its behalf. *Id*. at 4. Rather, Hartford is a foreign insurer that should be served through the Louisiana Secretary of State under La. R.S. 22:335. *Id.*

Mr. Clement has not responded to the motion.

## III.  APPLICABLE LAW

"Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the defendant with a complaint and summons. If a plaintiff performs an insufficient service of process, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5)." *Bailey v. AT&T Corporate/Headquarters*, No. 16:1464, 2017 WL 1178310, at *2 (N.D. Tex. Mar. 29, 2017). Pursuant to Federal Civil Procedure Rule 12(b)(5), the Court is authorized to dismiss a civil action

for insufficient of service of process. Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court ... has broad discretion to dismiss an action for ineffective service of process."). Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause" for failing properly to effect service. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)).

## IV. DISCUSSION

Here, Mr. Clement has not met his burden of proving the "validity" of service or "good cause" for a lack of service. *Id.* Mr. Clement has not responded to the instant motion. Further, there are no documents in the record evidencing that Mr. Clement ever attempted to serve Hartford. The Court issued a summons as to Hartford on January 4, 2024. R. Doc. 20. However, there is no return on this summons in the record, nor any other evidence of attempted service. Mr. Clement has not filed anything in the case since January 4, 2024, when he filed the First Amended Complaint. R. Doc. 19. Accordingly, the Court will dismiss the case without prejudice.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion is Dismiss, R. Doc. 24, is **GRANTED**. The case is accordingly dismissed without prejudice.

New Orleans, Louisiana, this 10th day of July, 2024.

UNITED STATES DISTRICT JUDGE